# United States District Court
### IN THE DISTRICT OF COLUMBIA

Daniel T Smith,
Mary G Smith
4801 Valhalla Lane,
813-727-9368

Case No. 1:05cv02069 (CKK)

            Plaintiff(s),

v.

United States

            Defendant.

## RESPONSE TO ORDER TO SHOW CAUSE
## AND
## REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1. Plaintiff hereby responds to the Court's Order to Show Cause why the Complaint in the above-captioned action, construed as a refund action, should not be dismissed, albeit without prejudice, for improper venue.

2. Plaintiff(s) has/have determined that responsibility for the Court's confusion as to the proper venue for the matters at bar is due to inarticulate pleading on the part of Plaintiff(s), and respectfully requests leave to amend.. Although Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before a responsive pleading is served[1], Plaintiff(s) in the above-captioned case nonetheless requests the Court

---

[1] Rule 15. Amended and Supplemental Pleadings
(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

grant leave to amend, which "shall be freely given when justice so requires". <u>Rule 15(a), Federal Rules of Civil Procedure</u>.

II

**<u>PLAINTIFF(S) SEEK(S) FINDINGS AS TO UNAUTHORIZED COLLECTION ACTIVITY</u>**

2.  In seeking, as a part of the remedy, return of amounts unlawfully collected without assessment, Plaintiff(s) have/has apparently clouded the issues in the above-captioned action. Plaintiff(s) seek(s) no refund in this action. Indeed, Plaintiff(s) is/are of the belief that "refund" is a matter not yet ripe for adjudication, as explained below.

3.  Plaintiff(s) seek(s) only a determination as to whether officers or employees of defendant's agent disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder in connection with collection activity. Specifically, Plaintiff'(s) allegations include, but are not limited to, officers or employees of defendant's agent engaging in "collection" activity in the absence of a valid, properly executed Certificate of Assessment; "exaction…in the guise of a tax." See: <u>Enochs V. Williams Packing Co.</u>, 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unauthorized collection actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

3.  Alternatively, if the Court finds that no provisions of the Internal Revenue Code or regulations promulgated thereunder were disregarded, then "refund" becomes the justiciable issue, and the proper venue for such "refund" action may then be determined.

III.

## VENUE IS PROPER BECAUSE ACT OF ASSESSMENT OCCURS IN THE DISTRICT OF COLUMBIA

4.  Internal Revenue Code section 6203 specifies that "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." and "upon request of the taxpayer the Secretary shall furnish a copy of the assessment records to the taxpayer." Plaintiff(s) have so requested, the secretary has failed/refused to comply.

5.  The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is addressed at 1500 Pennsylvania. Ave. N.W., Washington D.C. 20224.

6.  Venue, for purposes of seeking judicial determination with respect to the matters presently before the Court, is proper in the District of Columbia.

IV

## AMENDMENT OF COMPLAINT REMOVES BASIS FOR CONFUSION

7.  Plaintiff(s) have/has amended the Complaint in the above-captioned action, removing any reference to "unassessed amounts", and apologizes for confusing the Court. (copy attached)

V

## ORDER TO SHOW CAUSE RESULTS IN PLAINTIFF'S CONFUSION

8. Plaintiff's confusion as to the basis for the Court's Order to Show Cause arises from the recent Supreme Court case WACHOVIA BANK, N. A. V. SCHMIDT, (04-1186)[2], decided January 17, 2006. In that case, Ginsburg, J., stated that:

> "...venue and subject-matter jurisdiction are not concepts of the same order. Venue, largely a matter of litigational convenience, is waived if not timely raised. Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue, subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.

9. Plaintiff is confused because the Court has not raised subject matter jurisdiction as a basis for the Order to Show Cause, either on its own motion or on objection of the defendant.

10. Writing for the majority, Justice Ginsburg cited LEROY V. GREAT WESTERN UNITED CORP., 443 U.S. 173, 180, which established that:

> "venue 'is primarily a matter of choosing a convenient forum."

11. Plaintiff has chosen the District of Columbia - the most convenient forum for the defendant.

12. Plaintiff has not been blessed with notice of any filing on the part of the defendant raising the issue of venue. It appears that defendant may have filed an ex parte motion.

WHEREFORE, Plaintiff(s) request(s) the Court grant leave to file the Amended Complaint, lodged herewith.

Dated: Feb 3, 2006

*Daniel T Smith*
Daniel T Smith

---

[2] 388 F.3d 414 (2004), Cert. Granted 6/13/05

## AFFIDAVIT

Affiant, Daniel T Smith, Mary G Smith is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1. It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6. Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7. Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8. Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9. Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10. To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

11. Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13. Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Affiant received no response.

14. Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15. The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

15. Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16. Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: *Feb 3*, 2005

_Daniel T Smith_  
Daniel T Smith

_Mary G. Smith_  
Mary G Smith

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Florida, personally appeared, Daniel T Smith, Mary G Smith known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Beverly Pence_  
Notary, State of Florida

```
OFFICIAL NOTARY SEAL
BEVERLY J PENCE
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. DD111599
MY COMMISSION EXP. MAY 4,2006
```

CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his address of record.

Dated _____Feb 3_____, 2006

_____
Daniel T Smith