IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIEL T. SMITH & <br> MARY G. SMITH, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No. 1:05-cv-2069 (CKK) |
| v. | ) <br> ) | |
| UNITED STATES, | ) <br> ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiffs allege that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive and declaratory relief respecting federal taxes.

QUESTION PRESENTED

Plaintiffs failed to properly serve the United States because a party attempted service of process, failed to exhaust their administrative remedies prior to filing their suit, and failed to discharge the Court's order to demonstrate venue is proper in this Court. Should this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Daniel T. and Mary G. Smith, filed this complaint on October 20, 2005. The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1998," agents and employees of the

Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code. (Compl. ¶7.)1/ On January 13, 2006, plaintiff Daniel T. Smith filed returns of service showing that "Daniel Terry Smith" served the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. (*See* PACER # 3.) As such, plaintiffs' return of service establishes that service of process in this case was attempted by a party—Daniel Terry Smith.

      2. <u>Subsequent proceedings.</u> Thirteen days after plaintiffs filed their return of service, the Court issued an order to show cause directing plaintiffs to explain why venue is proper in this case. Order of Jan. 26, 2006. The order, recognizing that plaintiffs are residents of Plant City, Florida, further provided that—

> Plaintiffs are required to show cause on or before February 15, 2006, why venue is proper in this district. If Plaintiffs fail to respond in a timely manner and/or to provide a valid basis for suit in this jurisdiction, the Court will dismiss this matter without prejudice so that Plaintiffs can refile, if they so desire, in the jurisdiction of residence.

*Ibid.*

      Plaintiffs responded to the order to show cause on February 6, 2006, by filing two documents, both entitled "Response to Order to Show Cause and Request for Leave to Amend Complaint." (*See* PACER ## 5,6.) The documents are not readily distinguishable, but both suggest that plaintiffs are not seeking a refund of taxes paid in

---

    1/   Plaintiffs' case is one of nearly sixty known cases filed in this Court with identical or nearly identical complaints.

to the United States. (Pltfs.' Resp. ¶ 2.) Plaintiffs then continue on to assert that they have amended their complaint—

> Plaintiffs have/has amended the Complaint in the above-captioned action, removing any references to "unassessed amounts", and apoligizes [sic] for confusing the Court. (copy attached) [sic].

(Pltfs.' Resp. ¶ 7.) Attached to the second document denominated as "Response to Order to Show Cause and Request for Leave to Amend Complaint" (*see* PACER # 6.1), is a proposed amended complaint (PACER # 6.2). According to a certificate of service appended to the amended complaint, the amended complaint was served "on defendant's attorney at his [sic] address of record."

    3. <u>Plaintiffs' request for entry of default.</u> On February 21, 2006, plaintiffs filed a request for entry of default. (Pltfs.' Req. for Entry of Default.) In their request, plaintiffs recited that they had served the United States Attorney on December 14, 2005. (Pltfs.' Req. for Entry of Default ¶ 3.) Two days later, the Clerk entered the requested default.

### ARGUMENT

### I

#### PLAINTIFFS FAILED TO PROPERLY SERVE THE UNITED STATES

    Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person who is not a party." Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process

clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Daniel T. Smith signed the returns of service indicating that he, himself, served the summons on the United States Attorney General and the United States Attorney for the District of Columbia by certified mail. Daniel T. Smith is, of course, a party to this action, and thus cannot properly serve the summons.

Accordingly, since plaintiffs have failed to properly serve the United States, the default should be vacated, and their complaint must be dismissed.

II

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

A. *This Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Refund Claims*

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction. Dalm, 494 U.S. at 601-602.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (See Compl. ¶ 20.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover — an implication fatal to a suit for refund. See Flora, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claim for a refund.

      B.   *Plaintiffs' Request for Injunction Is Barred by the Anti-injunction Act*

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. ¶ 20). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiffs' claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-845 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-

Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

    Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs allege that the Internal Revenue Service acted improperly with respect to their "federal tax beginning with 'tax year' 1998" (Compl. ¶ 1), but do not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief.  Primarily they merely expresses their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.2/

    As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  See, Foodservice & Lodging Institute, 809 F.2d at 844-845; Flynn , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request — by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover,

---

    2/   As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

they can fully pay the taxes and <u>then</u> file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the <u>Enoch</u> test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should vacate the default and dismiss this case.

      C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Damages Claim*

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 19).  This Court does not have jurisdiction over plaintiffs' section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity. <u>McGuirl v. United States</u>, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-183 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Instead, they simply states that they "has/have exhausted all administrative remedies ... ." (Compl. ¶ 6.) Therefore, plaintiffs have not met their burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should vacate the default and dismiss the complaint.

### III

AT THE TIME PLAINTIFFS APPLIED FOR ENTRY OF THE DEFAULT, THE COURT HAD ISSUED AN ORDER TO SHOW CAUSE TO PLAINTIFFS, REQUIRING THEM TO DEMONSTRATE WHY THE CASE SHOULD NOT BE DISMISSED ON ACCOUNT OF IMPROPER VENUE, AND PLAINTIFFS HAD NOT AND HAVE NOT DISCHARGED THAT ORDER

The entry of default against the United States was improvidently entered. A default may be entered by the Clerk or a judge when a defendant fails to file a responsive answer. See Capital Yacht Club v. Aviva, 228 F.R.D. 389 (D.D.C. 2005). Since "strong policies favor the resolution of genuine disputes on their merits," however, the Court has discretion to set aside entry of default for "good cause shown." Id. To determine "good cause," the Court should consider three criteria: 1) whether the default was willful, 2) whether a set-aside would prejudice plaintiff, and 3) whether the defendant has presented a meritorious defense. Id. (citing Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995). All the factors favor setting aside the default in this case.

As explained above, at the time plaintiffs applied for entry of default, the Court had issued an order to show cause against them. Plaintiffs were required, under the order, to show why the complaint should not be dismissed on account of improper venue. Rather than comply with the order, plaintiffs filed a response purporting to explain to the Court the difference between jurisdiction and venue. Plaintiffs also indicated that they had amended their complaint, attached a proposed amended complaint to one of their responses, and asserted that they were no longer seeking a refund of federal taxes paid in. Thus, at the time the default was applied for and obtained, there was outstanding an order to show cause, plaintiffs had filed two purported responses to that order, and an exhibit to one of the responses purporting to be an amended complaint. A more confused procedural situation can be imagined, but in this case, that was the status of the case when plaintiffs applied for entry of default. Was the United States to respond to the complaint, the amended complaint, or await the Court's determination on whether to dismiss the complaint in connection with the order to show cause? Clearly, the United States' lack of an answer was not a willful default. Entry of default by the Clerk was untenable at that juncture in the case.

Further, plaintiffs will in no way be prejudiced. As indicated above, they have failed to properly serve the United States, and this Court lacks jurisdiction over their claims. For the same reasons, the United States has presented a meritorious defense.

For all these reasons, the default should be vacated.

## CONCLUSION

It is the position of the United States that the Clerk's entry of default should be vacated.

Date: March 3, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH W. WAINSTEIN
United States Attorney

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the United States' was served on March 3, 2006, by United States mail, postage prepaid, addressed to the following persons:

>Daniel T. Smith
>Mary G. Smith
>Plaintiffs *pro se*
>4801 Valhalla Lane
>Plant City, FL 33565.

/s/    Pat S. Genis
PAT S. GENIS, #446244