IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL T. SMITH & <br> MARY G. SMITH, <br><br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>     Defendant. | ) <br> ) <br> ) <br> )    No. 1:05-cv-2069 (CKK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

Under Fed.R.Civ.P. 12(b)(1), (2), (3), (5), and (6), the United States respectfully requests that the Court dismiss this action.**1/**  As grounds for this motion, the United States asserts that plaintiffs failed to properly serve the United States, this Court lacks subject-matter jurisdiction over plaintiffs' tax refund claims, venue in this Court is improper, and the Anti-Injunction Act bars the injunctive relief plaintiff seeks.

Specifically, plaintiff Daniel T. Smith, a party, attempted to effect service on the United States, plaintiffs failed to allege that they paid the federal taxes due and filed a claim for refund.  Both are required before the United States' sovereign immunity is waived.  26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960).  Since plaintiffs have not so alleged, this Court lacks subject-matter jurisdiction.  Moreover, plaintiffs are residents of Florida (Compl. ¶ 1) and requests the refund of a federal tax

---

    1/  This motion to dismiss is submitted in lieu of the verified answer required under Local Rule 7(g).

1575446.1

they alleges was illegally or erroneously collected. (Compl. ¶ 32). Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiff resides. Inasmuch as plaintiff is a resident of Kansas, venue in this Court is lacking. In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl. ¶ 33). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Finally, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they is entitled to any relief. Moreover, they have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004).

/
/
/
/
/
/
/
/
/
/

A supporting memorandum of law and proposed order are filed with this motion.2/

DATED: March 3, 2006.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

---

2/  Plaintiffs' complaint is one of 56 known cases filed in this Court with identical or nearly identical complaints.