# United States District Court
IN THE DISTRICT OF COLUMBIA

Daniel T Smith,
Mary G Smith,

Case No. 1:05cv02069 (CKK)

Plaintiff(s),

v.

United States

Defendant.

## OBJECTION AND RESPONSE TO DEFENDANTS' MOTION TO VACATE ENTRY OF DEFAULT

### I
### INTRODUCTION

1. Plaintiff hereby alleges that defendant's Motion to Vacate is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law and insults the intelligence of this court and the plaintiff.

2. Counsel's Motion to Vacate illustrates Counsel's misreading, misunderstanding, mischaracterization and misrepresentation of facts before the Court.

3. Counsel seeks to vacate on the basis of non-existent grounds, and to perpetrate a fraud upon the Court.

4. Defendant lacks standing to bring its motion to vacate.

5. Counsel is a trained attorney, and knows or should know the provisions of Fed. Civ. Rule 15 regarding amendment of pleadings.

6. Rule 15 provides: 15(a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

7. The record shows plaintiffs amended their complaint before defendant filed its answer.

8. Rule 15 further provides: A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within 10 days after service of the amended pleading which ever period may be longer, unless the court otherwise orders.

9. The record shows that defendant did not respond timely to the amended complaint.

10. The record shows as follows:

    a. Plaintiffs filed their complaint on October 20, 2005. (Docket #1)

    b. Plaintiffs served their complaint and summons on the U.S. Attorney and the U.S. Attorney General on November 21, 2006. (Docket #2)

    c. The Court ordered the defendant to answer/respond on or before February 14, 2006. (Docket #3)

    d. The Court issued an order to show cause on or before February 15, 2006. (Docket #4)

    e. Defendants responded to and cleared the Court's order to show cause on February 6, 2006.

    f. Defendants amended their complaint by withdrawing plaintiffs request for injunctive relief and refund of taxes thus rendering moot the courts order to show cause and rendering moot the portions of defendant's motion regarding a refund claim and injunctive relief.

g. Defendants' amended complaint was filed on February 6, 2006.

h. According to Fed. R. Civ. P. Rule 15, defendants were required to plead to plaintiffs' amended complaint by February 14, 2006 and no later than February 16, 2006.

i. The record is silent as to any responsive pleading being filed on or before February 14, 2006 and/or before February 16, 2006.

j. Counsel can read the rules and is expected to be familiar with Rule 15s requirements.

k. Counsel is subject to the rules as well as plaintiffs.

l. Counsel's motion to vacate was served on March 3, 2006. (Certificate of Service attached to counsel's motion)

m. Counsel's motion is silent as to a cognizable reason for not filing his/her motion to vacate timely.

m. Defendants' claim that: "A more confused procedural situation can be imagined, but in this case, that was the status of the case when plaintiffs applied for entry of default. Was the United States to respond to the complaint, the amended complaint, or await the Court's determination on whether to dismiss the complaint in connection with the order to show cause?" It appears that counsel is alleging incompetence by that statement. Rule 15 clearly resolves the issue by requiring an answer to the amended pleading within the time remaining or within 10 days whichever is the longer.

n. As stated above defendant's response was due by February 14, 2006 and no later than February 16, 2006. Defendant's answer was not filed until March

    3, 2006. Thus, no matter which date is accepted by the Court, defendants motion to vacate was not timely and no cognizable reason was articulated in defendant's motion for the untimelyness of defendant's motion.

p.   While subject matter jurisdiction can be raised at anytime, in addition to the following plaintiffs submit a separate brief addressing the issue of administrative remedies.

## II

## MOTION'S "EXHAUSTION" GROUNDS MISREPRESENT LAW

11.   Counsel knows, or should know, that exhaustion of administrative remedies, first imposed in the 1988 Taxpayer Bill of Rights as a jurisdictional pre-requisite, was removed by the Taxpayer Bill of Rights II in 1996. Although exhaustion was reinstated in Public Law 105-206, the IRS Restructuring and Reform Act of 1998, it was reinstated solely with respect to award of judgment - not jurisdiction.

12.   Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement is unwarranted by existing law, and fails to present a good faith basis for extension, modification or reversal of existing law. The Court has subject matter jurisdiction of suits brought under Internal Revenue Code section 7433, and may make findings of fact as to exhaustion for purposes of a later award. Sanctions under Fed.R.Civ.P 11(b) should be imposed (See Brief on Exhaustion of Administrative Remedies Filed concurrently with this Response).

13.   Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement potentially violates District Ethics Rule 3.1 Meritorious

Claims and Contentions. The Rule prohibits attorneys from raising frivolous, bad faith issues:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

14. The Committee comments to E.R. 3.1 explain:

> [1] *The advocate has a duty* to use legal procedure for the fullest benefit of the client's cause, but also a duty *not to abuse legal procedure*. The law, both procedural and substantive, establishes the limits within which an advocate may proceed.
> [2] *** *What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions.* *** The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

15. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.1, as interpreted by the Committee comments.

16. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement violates Ethical Rule 3.3 Candor Toward the Tribunal. The Rule is crystal clear:

> (a) A lawyer shall not *knowingly*:
> (1) *make a false statement of fact or law* to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
> (2) fail to disclose to the tribunal *legal authority* in the controlling jurisdiction *known to the lawyer to be directly adverse to the position of the client* and not disclosed by opposing counsel; or
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and

the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

17. Counsel's attempt to avoid subject matter jurisdiction by misrepresenting the "exhaustion" requirement clearly shows that Counsel failed the obligations of E.R. 3.3, as interpreted by the Committee comments.

III

**MOTION'S ATTACHMENT ILLUSTRATES FUTILITY OF FURTHER "EXHAUSTION"**

18. Counsel's Motion to Vacate is intended to conceal the fact that IRS has not and cannot produce a properly executed summary record of assessment. This intent is inferred by the fact that Counsel knows, or should know, that his/her client has admitted, in other actions, a pattern of failure to properly execute summary record(s) of assessment, to wit:

A.  In March v. Internal Revenue Service (10th Cir.) 02-2087, decided 02/25/2003, McKay, Circuit Judge, observed:

> "[T]he IRS concedes that "when the Debtors argue that the 23C Forms were never produced, it is because they probably do not physically exist." Aple. Br. at 15 n.2. In other words, the IRS gets the benefit of a presumption that they admit is likely false."

19. Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania

v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to Vacate or by way of summary judgement. Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

20. By seeking to Vacate on the basis of misreading, misunderstanding mischaracterization, and misrepresentation, Counsel assists his/her client in concealing evidence. By seeking to vacate on the grounds set forth in counsels motion council disregards an important question of fact and seeks the benefit of a presumption that council's client admits is likely false.

21. Counsel's filing constitutes Ethical Rule 8.4 Misconduct:

> It is professional misconduct for a lawyer to:
>
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly

assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

22. Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II.

ATTORNEYS AND COUNSELORS

> Rule 5.
> 4. Each applicant shall sign the following oath or affirmation:
> I, ................., do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

23. Counsel has breached that oath.

24. Plaintiff(s) withdraws his/her/their request for injunctive relief and for a refund of taxes and seeks only damages pursuant to 26 U. S. C. §7433.

WHEREFORE, Plaintiff(s) request(s) the Court strike/deny defendants' motion to Vacate.

Dated: March 27, 2006

_Daniel T Smith_
Daniel T Smith
4801 Valhalla Lane
Plant City, FL 33565

_Mary G Smith_
Mary G Smith
4801 Valhalla Lane
Plant City, FL 33565

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his/her address of record.

Dated _March 27_, 2006

_Daniel T Smith_
Daniel T Smith