IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL T. SMITH & <br> MARY G. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:05-cv-2069 (CKK) <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO THE UNITED STATES' MOTION TO VACATE DEFAULT AND MOTION TO DISMISS**

Plaintiffs oppose the United States' motion but fail to demonstrate that a default is appropriate or that the Court has subject-matter jurisdiction over their complaint. Therefore, the Court should vacate the default entered against the United States and dismiss plaintiffs' amended complaint.

STATEMENT

This is a civil action in which plaintiffs allege that, beginning with tax year 1998, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection."

Plaintiffs filed their amended complaint on February 6, 2006. On February 21, 2006, they submitted an affidavit for default. The clerk entered a default against the United States on February 23, 2006, which the United States moved to have vacated on March 3, 2006. The United States' motion asserted that the Court lacks personal jurisdiction over the United States because plaintiffs failed to effect proper service, and

1676465.1

the Court lacks subject matter jurisdiction as plaintiffs failed to establish that they exhausted their administrative remedies as required by 26 U.S.C. § 7433. On April 7, 2006, the Court granted plaintiffs' motion for leave to file out of time, and noted that the "Objection and Response to Defendant's Motion to Vacate Entry of Default" would be construed as an opposition to both the motion to vacate and the motion to dismiss.

Plaintiffs oppose the motion to vacate on the grounds that the United States' motion to vacate was not timely (Pl. Opp. at 3-4), they allege that they need not exhaust their administrative remedies (Pl. Opp. at 4), and seek sanctions under Fed. R. Civ. P. 11 for the United States' alleged misrepresentation of the exhaustion requirement (Pl. Opp. at 4).1/

Plaintiffs assert that the United States' motion to vacate was not timely. The United States relies upon its motion in this regard, since it fully explains the circumstances surrounding the United States' actions. But, as plaintiffs do not dispute that they failed to effect proper service on the United States and admit they failed to exhaust their administrative remedies, the Court should vacate the default on the grounds that it lacks jurisdiction over the United States.

---

1/ Plaintiffs correctly state that their amended complaint withdrew their request for injunctive relief and refund of taxes. (Pl. Opp. at 2.) The United States requests that the Court treat its motion to dismiss complaint as a motion to dismiss plaintiffs' amended complaint. Accordingly, the United States' remaining arguments are that plaintiffs failed to effect proper service on the United States and failed to exhaust their administrative remedies under section 7433. The Court should dismiss their amended complaint on these grounds.

Plaintiffs assert also that they do not have to exhaust their administrative remedies because the exhaustion provision of section 7433 "was reinstated solely with respect to award of judgment — not jurisdiction." (Pl. Obj. at 4.) The United States' motion to dismiss fully discusses the reasons why plaintiffs are required to exhaust their administrative remedies, and the United States relies upon the arguments made in that motion. Moreover, even if plaintiffs' argument is accepted, their failure to exhaust administrative remedies deprives this Court of the right to award them damages, and thus, their amended complaint should be dismissed under Fed. R. Civ. P. 12(b) for failure to state a claim for which relief may be granted because the complaint cannot be cured by amendment. *See Turner v. United States*, 2006 U.S. Dist. LEXIS 22079 (D.D.C. 2006 (J. Bates).

Plaintiffs ask the Court to impose sanctions under Fed. R. Civ. P. 11. Plaintiffs do not present any reason for these sanctions. Moreover, plaintiffs' request is procedurally improper as they failed to serve a motion for sanctions upon the United States describing "the specific conduct alleged to violate [Fed. R. Civ. P. 11(b)]." Fed. R. Civ. P. 11(c). Plaintiffs' request should be denied.

CONCLUSION

For the reasons stated in the United States' motion to vacate and the reasons stated above, the United States respectfully requests that the Court vacate the default against the United States and dismiss plaintiffs' amended complaint.

DATE: May 1, 2006.                    Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #664266
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone: (202) 307-6390


OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO THE UNITED STATES' MOTION TO VACATE DEFAULT AND MOTION TO DISMISS was served upon plaintiffs *pro se* on May 1, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Daniel T. Smith
>Mary G. Smith
>Plaintiffs *pro se*
>4801 Valhalla Lane
>Plant City, FL 33565

/s/ Pat S. Genis
PAT S. GENIS #446244