## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL T. SMITH, *et al.*,

     Plaintiffs,

     v.

UNITED STATES,

     Defendant.

Civ. Case No. 05-2069 (CKK)

## MEMORANDUM OPINION
(November 7, 2006)

*Pro Se* Plaintiffs Daniel and Mary Smith bring this action against Defendant, the United

States, pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that

"principals, officers, agents, and/or employees of the Internal Revenue Service" ("IRS")

"recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard

provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the

regulations promulgated thereunder." Am. Compl. ¶ 1. Plaintiffs seek a declaratory judgment

that the IRS "recklessly, intentionally or by reason of negligence" violated the IRC, and damages

for each section of the IRC so violated. Am. Compl. ¶¶ 31–32.

Following an entry of default by the Clerk of the Court in this case on February 23, 2006,

Defendant made an appearance on March 3, 2006 via its [10] Motion to Vacate Entry of Default

and [9] Motion to Dismiss. Defendant's Motion to Vacate and Motion to Dismiss contend that

the entry of default must be vacated and the case dismissed because (1) "venue in this Court is

improper"; (2) "the Anti-Injunction Act bars the injunctive relief [P]laintiff[s] seek[]"; (3)

Plaintiffs "failed to properly serve the United States,"; and (4) "the Court lacks subject matter

jurisdiction over the complaint, due to [P]laintiffs' failure to exhaust administrative remedies prior to filing their suit." Def.'s Mot. to Dismiss Compl. at 1; Def.'s Mem. in Supp. of United States' Mot. to Vacate Entry of Default (hereinafter "Def.'s Mem. in Supp.") at 5. Following a January 26, 2006 [4] Order by this Court for the Plaintiffs to show cause why venue in the District of Columbia is proper, Plaintiffs amended their pleading, removing their requests for an injunction on tax collection and for a tax refund. *See generally* Pls.' Resp. to Order to Show Cause at 1–4 (asserting that removal of the refund claims moots the venue issue, and attaching an amended complaint that reflects this change and makes no mention of injunctive relief). Thus, the issues presently before the Court concern whether or not Plaintiffs' request for damages survive Defendant's Motion to Dismiss based on improper service and lack of jurisdiction. Further, the Court will address whether or not this Court lacks subject matter jurisdiction over Plaintiffs claims for declaratory relief.

Upon a searching examination of the relevant filings, the attached exhibits, the relevant case law, and the entire record herein, the Court shall grant Defendant's Motion to Vacate Entry of Default and Motion to Dismiss in full, and *sua sponte* dismiss Plaintiffs' request for declaratory judgment for want of subject matter jurisdiction.

## I: BACKGROUND

Plaintiffs brought this action via a Complaint dated October 20, 2005. After perfecting service through postage on the United States Attorney General and on the United States Attorney for the District of Columbia on January 5, 2006, Pls.' Return of Service at 2, 4, 6, Plaintiffs were ordered to show cause why venue in the District of Columbia was proper. Plaintiffs filed an Amended Complaint allegedly addressing the Court's concerns regarding venue. *See* Pls.' Resp.

to Order to Show Cause ¶ 2 ("In seeking, as a part of the remedy, return of amounts unlawfully collected without assessment, Plaintiff(s) have/has apparently clouded the issues in the above-captioned action.").   The Court granted Plaintiffs leave to file their Amended Complaint on April 14, 2006.

This Amended Complaint represents one of dozens of virtually identical lawsuits brought in this jurisdiction by tax protesters – allegedly proceeding *pro se* – asserting a variety of forms of misconduct by the IRS.[1]  The Amended Complaint in this case contains a deficiency seen in most of these cases – namely, it provides no particularized facts specifically pertaining to Plaintiffs Daniel and Mary Smith; instead, it consists almost entirely of argument and restatement of putatively pertinent legal standards.  *See* Am. Compl. ¶¶ 7-25.  Moreover, even the few passages in the Amended Complaint that purport to describe "facts" that support Plaintiffs' position merely offer boilerplate recitations of the factual showings required to satisfy the various statutory provisions relied upon by Plaintiffs.  *See, e.g., id.* ¶¶ 1, 5, 7, 26-29.

In short, Plaintiffs' Amended Complaint attempts to catalogue provisions of the IRC they claim have been contravened by the IRS.  *See id.* ¶ 7.  Plaintiffs contend that Defendant, through agents of the IRS, violated the following provisions of the IRC during its levy of taxes against

---

[1]  *See, e.g., Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS); *Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Erwin v. United States*, Civ. A. No. 05-1698 (CKK); *Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Bean v. United States*, Civ. A. No. 05-2145 (CKK); *Anderton v. United States*, Civ. A. No. 06-129 (RBW).

them:[2]

1. 26 U.S.C. § 6102(a)(1), by disclosing confidential income tax return information to persons not statutorily authorized to receive such information;

2. 26 U.S.C. § 6201(a), by failing to make an assessment of the taxes owed by Plaintiffs;

3. 26 U.S.C. § 6202, by failing to make an assessment of the taxes owed by Plaintiffs within the time and mode set forth by the Secretary of the Treasury;

4. 26 U.S.C. § 6203, by failing to record an assessment of the taxes owed by Plaintiffs and by failing to furnish Plaintiffs copies of the assessment upon their request;

5. 26 U.S.C. § 7214(a), by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

6. 26 C.F.R. § 601.702(c), by failing to answer Plaintiffs' correspondence within ten (10) days;

7. 26 U.S.C. § 6159, by abrogating Plaintiffs' "guaranteed" availability of an installment agreement;

8. 26 U.S.C. § 6320, by failing to notify Plaintiffs of the filing of a notice of lien;

9. 26 U.S.C. § 6321, by filing an invalid and unlawful Notice of Tax Lien against Plaintiffs and by filing an invalid and unlawful Notice of Tax Levy on Plaintiffs wages, bank accounts, etc.;

10. 26 U.S.C. § 6325, by failing to release liens "when it became obvious" that such liens were invalid and/or unlawful;

11. 26 U.S.C. § 6331, by failing to send Plaintiffs a ten (10) demand for payment before issuing a levy;

12. 26 U.S.C. § 6343, by refusing to relax a levy after determination that the total sum of taxes was not collectible;

13. 26 U.S.C. § 6402, by failing to refund all unassessed taxes taken from Plaintiffs following their written request;

---

[2] Plaintiffs, in their Complaint, do not specify a beginning date and/or end date to these alleged violations, other than a brief statement that the "reckless[]" collection of taxes apparently began "with 'tax year' 1995." Am. Compl. ¶ 1.

14. 26 U.S.C. § 6404(g), by failing to suspend interest and penalties "for reason that defendant has not specifically stated the amount of, and the basis for the liability" Plaintiffs are alleged to owe;

15. 26 U.S.C. § 6501(a), by neglecting to assess taxes owed within three years;

16. 26 U.S.C. § 6751(a), by failing to include in a notice imposing the penalty (1) the name of the penalty; (2) the Code section authorizing the penalty; and (3) an actual computation of the penalty;

17. 26 U.S.C. § 6751(b)(1), by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

18. 26 U.S.C. § 7123(b)(1), by failing to provide Plaintiffs with non-binding mediation;

19. 26 U.S.C. § 7491(b), by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers;

20. 26 U.S.C. § 7491(c), by refusing to produce any evidence with respect to the imposition of penalties and additions; and

21. 26 U.S.C. § 7602(a), by conducting a presumed financial status audit.

*Id.* Finally, Plaintiffs allege violations of federal record-keeping laws contained at 44 U.S.C. § 3101, 44 U.S.C. § 3106, and 36 C.F.R. § 1222.  *Id.*[3]

The Amended Complaint seeks two forms of redress: (1) a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions, *id.* ¶ 31; (2) and an award of damages under 26 U.S.C. § 7433 "to amend the reprehensible, egregious, and vexatious behavior of the defendant," *id.* ¶ 32.

Following Plaintiffs' apparent service, Plaintiffs filed a Request for Entry of Default on February 21, 2006, contending that Defendant's non-appearance and failure to answer their Complaint warranted entry of default.  *See* Pls.' Mot. for Entry of Default ¶¶ 4-6.  The Clerk of

---

[3]  The Court notes that 36 C.F.R. § 1222, 44 U.S.C. § 3101, and 44 U.S.C. § 3106 do not pertain to the Internal Revenue Service, and as such, fall outside of the scope of Plaintiffs' Amended Complaint, brought "under the authority of 26 U.S.C. § 7433."  Am. Compl. at 1.

the Court subsequently entered default on February 23, 2006.  On March 3, 2006, Defendant

made an appearance in this case via its Motion to Vacate Entry of Default and its Motion to

Dismiss.  Plaintiffs filed an Opposition to Defendant's Motions on March 29, 2006.[4]  Defendant

filed a Reply on May 1, 2006.

## II: LEGAL STANDARDS

A.      *Motion to Dismiss Pursuant to Rule 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not

prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle

them to relief."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  A court may

appropriately dispose of a case under 12(b)(1) for standing, and may "consider the complaint

supplemented by undisputed facts evidenced in the record, or the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground*

*Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Artis v.*

*Greenspan*, 223 F. Supp. 2d 139, 152 n.1 (D.D.C. 2002) ("A court may consider material outside

of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or

subject matter jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where

---

[4]  In Plaintiffs' Opposition, Plaintiffs also request that the Court award sanctions to
Plaintiffs pursuant to Federal Rule of Civil Procedure 11(b), stating that "[c]ounsel's attempt to
avoid subject matter jurisdiction by misrepresenting the 'exhaustion' requirement is unwarranted
by existing law . . . ." Pls.' Opp'n ¶ 11.  The Court agrees that "plaintiffs' request is procedurally
improper as they failed to serve a motion for sanctions upon the United States describing 'the
specific conduct alleged to violate [Fed. R. Civ. P. 11(b)].'" Def.'s Reply at 3.  Regardless, the
Court finds no basis on the merits why the Court should impose sanctions on Defendant pursuant
to Federal Rule of Civil Procedure 11 and shall deny Plaintiffs' request accordingly.

a document is referred to in the complaint and is central to plaintiff's claim, such a document

attached to the motion papers may be considered without converting the motion to one for

summary judgment") (citing *Greenberg v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th

Cir. 1999)).  At the stage in litigation when dismissal is sought, the plaintiff's complaint must be

construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can

be drawn from the alleged facts.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624

(D.C. Cir. 1997).  In spite of the favorable inferences that a plaintiff receives on a motion to

dismiss, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance

of the evidence.  *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

  B.  *Motion to Dismiss Pursuant to Rules 12(b)(4) & 12(b)(5)*

  Federal Rules of Civil Procedure 12(b)(4) and (5) provide that a Court may dismiss a case

due to "insufficiency of process" or "insufficiency of service of process" if the plaintiff fails to

establish that he or she has properly effectuated service upon the defendant(s) pursuant to Federal

Rule of Civil Procedure 4.  *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).  "The party on

whose behalf service is made has the burden of establishing its validity when challenged; to do

so, he must demonstrate that the procedure employed satisfied the requirements of the relevant

portions of Rule 4 and any other applicable provision of law."  Charles Alan Wright & Arthur R.

Miller, 4A *Federal Practice & Procedure* § 1083, at 12 (2d ed. 1987); *see also Light*, 816 F.2d at

751 (same); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries

the burden of establishing that he has properly affected service") (citation omitted).

  C.  *Motion to Dismiss Pursuant to Rule 12(b)(6)*

  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, unlike

7

resolving a motion under Rule 12(b)(1), the court must construe the complaint in a light most

favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from

well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans

Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608

(D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must

be granted the benefit of all inferences that can be derived from the facts alleged.").  While the

court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn

by the plaintiff[] if such inferences are not supported by the facts set out in the complaint."

*Kowal*, 16 F.3d at 1276.  Moreover, the court is not bound to accept the legal conclusions of the

non-moving party.  *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).  The court is limited

to considering facts alleged in the complaint, any documents attached to or incorporated in the

complaint, matters of which the court may take judicial notice, and matters of public record.  *See

St. Francis Xavier Sch.*, 117 F.3d at 624; *Marshall County Health Care Auth. v. Shalala*, 988

F.2d 1221, 1226 n.6 (D.C. Cir. 1993).  Factual allegations in briefs of memoranda of law may not

be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain

contradict those alleged in the complaint.  *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C.

Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)

(when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III: DISCUSSION

The Court shall begin its analysis by focusing on Defendant's contention that Plaintiff

Daniel T. Smith himself – a party to this litigation – "cannot properly serve the summons.

[S]ince plaintiffs have failed to properly serve the United States, the default should be vacated,

and their complaint must be dismissed." Def.'s Mem. in Supp. at 4. Following this discussion, the Court shall turn to an examination of the primary focus of Defendant's motion – i.e., Defendant's arguments that pursuant to the IRC's exhaustion of administrative remedies requirement, 26 U.S.C. § 7433(d), the Court lacks jurisdiction to hear the merits of Plaintiffs' damages claim. Finally, the Court will *sua sponte* determine whether it has subject matter jurisdiction over the declaratory relief requested by Plaintiffs.[5]

    A.    *Defendant's Motion to Vacate Entry of Default and to Dismiss for Insufficient Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5)*

Plaintiffs in this case attempted to effectuate service upon Defendant the United States through the procedure described in Federal Rule of Civil Procedure 4(i)(1), which provides that:

Service upon the United States shall be effected

    (A)    by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk of the United States attorney and

    (B)    by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

Fed. R. Civ. P. 4(i)(1)(A)-(B). Indeed, an examination of Plaintiffs' Return of Service, which attached certified mail return receipts, reveals that Plaintiffs did mail a copy of the Summons and Complaint via certified mail to the Attorney General and the United States Attorney for the District of Columbia on December 16, 2005. *See* Pls.' [3] Return of Service. However,

---

[5] Defendant does not address Plaintiffs' request for declaratory relief in its Motion to Dismiss or Reply.

Plaintiffs' Declaration of Service indicates that Plaintiff Daniel Smith – a party to this action – was the individual that served the summons via certified mail.  *See id.* at 2, 4, 6 (showing Smith's signature); *see also* Pls.' Mot. for Entry of Default ¶ 3 ("The record shows that plaintiffs served the United States Attorney the summons and complaint on December 16, 2005.").

Importantly, Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be effected by *any person who is not a party* and who is at least 18 years of age."  Fed. R. Civ. P. 4(c)(2) (emphasis added).  While there has been some debate as to whether this restriction is limited to personal service only, or applies to all methods of service, *see Lindsey v. United States*, Civ. A. No. 05-1761(RBW), --- F. Supp. 2d ----, 2006 WL 2413720, at *4-*7 (D.D.C. Aug. 22, 2006) (discussing this debate), virtually every court that has addressed the issue has concluded that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2).  *See, e.g.*, *id.* at 5-*6; *MacLafferty v. United States*, Civ. A. No. 06-279 (RMU), 2006 WL 2465391, at *1 (D.D.C. Aug. 24, 2006) (same); *Burton v. United States*, Civ. A. No. 05-2121(RMU), 2006 WL 2465392, at *1 (D.D.C. Aug. 24, 2006) (same); *Donnally v. United States*, Civ. A. No. 05-2049(RMU), 2006 WL 2465394, at *1 (D.D.C. Aug. 24, 2006) (same); *Foster v. United States*, Civ. A. No. 05-1759(RMU), 2006 WL 2473615, at *1 (D.D.C. Aug. 24, 2006) (same); *Heath v. United States*, Civ. A. No. 05-2331(RMU), 2006 WL 2473616, at *1 (D.D.C. Aug. 24, 2006) (same); *Daniels v. G & M Towing*, Civ. A. No. 05-2647, 2006 U.S. Dist. LEXIS 15027, at *3-*4 (N.D. Ohio Mar. 31, 2006) (holding that requirement in Rule 4(c)(2) that service be effected by a non-party applies to service on the United States pursuant to Rule 4(i)(1)); *accord* Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1106, at 151 & n.13 (2d ed. 1987) (explaining that "[b]oth the delivery or mailing of process to the local United States

attorney . . . and the mailing of copies of the summons and complaint to the Attorney General . . .

should be accomplished by one of the persons authorized to make service by Rule 4(c)," but also

noting that "there is no apparent reason why a person specified in Rule 4(c), rather than plaintiff

or plaintiff's attorney, should be required to mail the copies of process to be served on the

Attorney General . . .").

Given the fact that Plaintiff Daniel Smith effected service himself by sending the

summons and Complaint in this case by certified mail to the Attorney General and the United

States Attorney for the District of Columbia, it is clear that Plaintiffs did not comply with the

basic requirements of Federal Rule of Civil Procedure 4(c)(2).  As such, the apparent service

upon Defendant was defective.  "It is axiomatic that no valid judgment can be entered against the

United States without proper service."  Charles Alan Wright & Arthur R. Miller, 4A *Federal

Practice & Procedure* § 1106 at 146 (2d ed. 1987).  Accordingly, to the extent that Defendant's

motion seeks to vacate the Clerk of the Court's February 23, 2006 Entry of Default, Defendant's

motion must be granted.

However, the question then becomes how to treat Plaintiffs' defective service.  Federal

Rule of Civil Procedure 4(m) provides, in pertinent part, that "[f]ailure to comply with the

requirements of this Rule shall result in the dismissal without prejudice of the complaint."  Fed.

R. Civ. P. 4(m).  Pursuant to this general rule, as construed by the D.C. Circuit in *Light*, 816 F.2d

at 750, Judge Ricardo M. Urbina – in *MacLafferty*, *Burton*, *Donnally*, *Foster*, and *Heath* –

dismissed similar actions brought by other tax protesters that suffered the same defective service

problem as is present in this case.  While the Court certainly understands this course of logic, and

emphasizes that it certainly *could* grant Defendant's Motion to Dismiss in its entirety based on

11

this reasoning, the Court is hesitant to take such a step in light of the considerations outlined by

Judge Reggie B. Walton in *Lindsey*.  *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *7.

Namely, notwithstanding the fact that Plaintiffs' Complaint is basically identical to those filed in

numerous other "*pro se*" cases in this jurisdiction, *see supra* n. 1, Plaintiffs are technically

proceeding *pro se*.  As such, their Complaint must therefore be held to "less stringent standards

than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594,

30 L. Ed. 2d 652 (1972); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2

(D.C. Cir. 2000).  Courts within this Circuit have consistently interpreted the Supreme Court's

instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just their

pleadings.  *See, e.g.*, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding

that "[c]ourts must construe pro se filings liberally"); *Voinche v. Fed. Bureau of Investigation*,

412 F. Supp. 2d 60, 70 (D.D.C. 2006) (observing that "[t]his Court gives *pro se* parties the

benefit of the doubt and may ignore some technical shortcomings of their filings" and applying

the *Haines* rule to a plaintiff's summary judgment motion).

Indeed, the D.C. Circuit itself has emphasized that "[p]ro se litigants are allowed more

latitude than litigants represented by counsel to correct defects in service of process and

pleadings."  *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Although

"district courts do not need to provide detailed guidance to pro se litigants," they should at least

"supply [*pro se* plaintiffs] minimal notice of the consequences of not complying with procedural

rules."  *Id.*; *see also Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (D.D.C. 2005) (holding that

the court "must take pains to protect the rights of *pro se* parties against the consequences of

technical errors") (citing *Haines*, 404 U.S. at 520, 92 S. Ct. 594).  Pursuant to *Moore*, courts

12

within this jurisdiction have adhered to the basic premise that "rules governing service of process should not be enforced with draconian rigidity where courts have not first informed *pro se* plaintiffs of the consequences of failing to effect proper service and where defendants are in no material way prejudiced by a minor defect in the manner in which service of process was attempted." *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *6 n.6 (citing *Thomas v. Knight*, 257 F. Supp. 2d 86, 88 n.1 (D.D.C. 2003) ("[n]ormally, the Court would give a *pro se* plaintiff an opportunity to perfect service of process"); *Hilska*, 217 F.R.D. at 22 (citing *Moore* and denying motion to dismiss a *pro se* plaintiff's complaint for insufficient service of process where plaintiff had not received minimal notice of the consequences of failing to make proper service)).

Here, prior to the issue raised by Defendant in its Motion to Dismiss, the Court had provided no service-related instruction to Plaintiffs of the kind required by *Moore*, 994 F.2d at 876, making clear the consequences of failing to perfect service of process.  Moreover, as was the case in *Lindsey*, "the particular defect in the service performed by [P]laintiffs was not significant." *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *7.  As Judge Walton stressed, "the defendant cannot seriously contend that the identity of the person who sent the summons and complaint by certified mail prejudiced the defendant in any way," *id.*, especially because the Court has granted Defendant relief from the ensuing Entry of Default.  In short,

> [w]hatever policies underlie Rule 4(c)(2)'s requirement that parties not effect service of process themselves would not be served by dismissing this case on the grounds that one of the *pro se* plaintiffs himself mailed the summons and complaint to the defendant rather than soliciting a stranger to mail them on the plaintiffs' behalf.

*Id.*  In sum, given the rather insignificant defect in service, the traditional leniency granted to *pro se* plaintiffs, and the fact that Defendant clearly has notice of this action and has made an appearance, the Court shall deny Defendant's Motion to Dismiss to the extent that it seeks

dismissal solely based on insufficient service of process.  Instead, the Court shall turn its analysis

to the other major arguments forwarded by Defendant, which ultimately strike at the merits of

Plaintiffs' claims.

> B.    *Defendant's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

The claim for damages contained in Plaintiffs' Amended Complaint provides that "[u]pon

a determination that the defendan[t] . . . in connection with the collection of federal tax from the

plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of

Title 26 United States Code . . . plaintiff(s) seek(s) damages of $10,000.00 for each section of the

IRS Code and its regulations disregarded by defendant . . . ."  Am. Compl. ¶ 32.  In response,

Defendant maintains that Plaintiffs' claim for damages must be dismissed because they have not

exhausted their administrative remedies as required by 26 U.S.C. § 7433.  Def.'s Mem. in Supp.

at 8–10.

Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . .

unless the court determines that the plaintiff exhausted the administrative remedies available to

such plaintiff within the Internal Revenue Service."  *Id.*  Consistent with Section 7433(d)(1), the

IRS has promulgated regulations that establish procedures to be followed by a taxpayer who

believes that IRS officials have disregarded provisions of the tax code in their collection

activities.  *See* 26 C.F.R. § 301.7433-1.  Specifically, these regulations require that an aggrieved

taxpayer first submit his or her claim "in writing to the Area Director, Attn: Compliance,

Technical Support Manager[,] of the area in which the taxpayer currently resides," and further

requires that the claim include:

> i.    The name, current address, current home and work telephone numbers and any

convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

ii.     The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

iii.    A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

iv.     The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

v.      The signature of the taxpayer or duly authorized representative.

*Id.*

If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a).  *See* 26 C.F.R. § 301.7433-1(d)(1).  The regulations also provide for immediate filing of suit *following the submission of the administrative claim* if the claim is submitted during the last six months of the two-year statute-of-limitations period.  *See id.* § 301.7433-1(d)(2).

While many courts have treated a failure to meet the exhaustion requirement of 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting examples), this Court – based on the analysis set forth by Judge John D. Bates in *Turner*, 429 F. Supp. 2d at 153-55, and Judge Walton in *Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *9-*10, *11-*13 – concludes that the D.C. Circuit's decision in *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2005), and the United States Supreme

15

Court's ruling in *Arbaugh v. Y & H Corp.*, --- U.S. ---, 126 S. Ct. 1235, 1242-43, 163 L. Ed. 2d 1097 (2006), entail that the requirements of 26 U.S.C. § 7433(d)(1) are non-jurisdictional in character.  As such, any motion seeking dismissal under Section 7433(d)(1) is better characterized as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

In response to the exhaustion requirement set forth in Section 7433(d)(1) and focused on by Defendant, Plaintiffs make two diametrically opposed arguments.  First, Plaintiffs' Amended Complaint makes the blanket assertion that they "exhausted administrative remedies in that plaintiff(s) has/have written numerous requests for documents and authorities which require responses from the IRS.  The IRS has failed and/or refused to respond or has responded with frivolous responses."  Am. Compl. ¶ 9.  However, like the plaintiff in *Waller v. United States*, Civ. A. No. 06-1112 (ESH), 2006 WL 2472781, at *2 (D.D.C. July 7, 2006), Plaintiffs here have failed to explain *how* they exhausted their administrative remedies.  *See id.* ("Tax payer is . . . required to provide any substantiating documentation supporting his claim.").  Given that Plaintiffs have produced no evidence that they pursued, let alone exhausted, the proper administrative remedies, they cannot avoid exhaustion-based dismissal through this argument. *See McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004) (granting dismissal because "[a]ltough the plaintiffs assert that they 'have exhausted all of their remedies at least three-fold times,' they offer no evidence that they pursued" or exhausted the required administrative remedies); *see also Waller*, 2006 WL 2472781, at *2 (same).

Second, Plaintiffs essentially contradict the initial assertion that they did exhaust their administrative remedies under Section 7433(d)(1) by instead focusing their argument on a

contention that they fall into at least one of the demarcated exceptions to the exhaustion requirement.  Specifically, Plaintiffs contend that they "may forego exhausting administrative remedies that are either futile or inadequate, . . . or when agency action exceeds statutory authorization."  Compl. at ¶ 30.  These arguments are without foundation.

Inadequacy of Administrative Remedies:  First, Plaintiffs pleadings do not actually contain any allegations that the administrative remedies available to them are inadequate.  All that exists in the pleadings is the contention that Plaintiffs "may forego" exhausting inadequate administrative remedies.  *Id.*  Presenting a legal standard in the absence of asserting that the standard actually applies to Plaintiffs, let alone any support to this effect, provides no basis by which the Court may actually apply that legal standard.

Further, assuming *arguendo* that Plaintiffs actually claim that the administrative process contemplated by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1 is "inadequate" with respect to their request for damages, such an argument would be unsupportable.  The pertinent IRS regulations accompanying Section 7433 provide for the exact relief sought by Plaintiffs in this case – i.e., money damages.  *See* 26 C.F.R. § 301.74331(e) (providing that taxpayers may recover up to $1,000,000, or $100,000 in the case of negligence, in damages through the administrative process).  Indeed, numerous courts have concluded that these procedures are plainly "adequate" in the face of a challenge similar to the one made here by Plaintiffs.  *See, e.g.*, *Ting v. United States*, Civ. A. No. 06-419 (HHK), 2006 WL 1774516, at *2 (D.D.C. June 27, 2006) (rejecting tax protester's contention that the Section 7433 administrative procedures were "inadequate"); *Glass v. United States*, 424 F. Supp. 2d 224, 227-28 (D.D.C. 2006) (same).  Accordingly, the Court finds this argument to be without merit.

Futility of the Administrative Process:  Plaintiffs also assert that they may avoid the required administrative process because such procedures are virtually certain to prove futile.[6]  According to Plaintiffs, "the IRS is unwilling to reconsider [its] position [regarding Plaintiffs tax debt] and/or is biased."  Pls.' Addendum to Compl. No. 2-1 at 3.  Two problems immediately arise with respect to this assertion.

First, although Plaintiffs are correct that courts sometimes relieve plaintiffs of exhaustion requirements, *see, e.g.*, *McCarthy v. Madigan*, 503 U.S. 140, 146, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further."), this decision is generally only possible when the exhaustion requirement is itself a judicial creation.  *See Turner*, 429 F. Supp. 2d at 152; *cf. Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986) (recognizing that even where the exhaustion requirement is not explicitly mandated by statute, it "may be waived in 'only the most exceptional circumstances' . . . . Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]") (citations omitted).  By contrast, when exhaustion is mandated by statute, courts are not free to carve out exceptions that are not supported by the text.  *See McCarthy*, 503 U.S. at 144, 112 S. Ct. 1081 ("Where Congress specifically mandates, exhaustion is required."); *Avocados Plus*, 370 F.3d at 1247-48 ("If [a] statute does mandate exhaustion, a court cannot excuse it.") (citation omitted).  With respect to Section 7433(d)(1), "Congress's

---

[6] These assertions do not accompany the Amended Complaint.  Rather they are communicated to the Court by way of Addenda, which Plaintiffs were never given permission to submit.  *See* Pls.' Addendum to Compl. No. 1; Pls.' Addendum to Compl. No. 2-1.

18

decision in 1998 to revert to the pre-1996 amendment language clearly demonstrates an intention to mandate exhaustion." *Turner*, 429 F. Supp. 2d at 152 n.3 (citing Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. No. 105-206, § 3102(a)(2), 112 Stat. 685). Accordingly, the Court's hands are tied, and Plaintiffs are required to follow the exhaustion procedures set out by the IRS. *See also Waller*, 2006 WL 2472781, at *2 (reaching the same conclusion).

Second, similar to the plaintiff in *Ting*, Plaintiffs here have not alleged any facts sufficient to support the proposition that an effort to follow the required procedure would have been "futile." *See Ting*, 2006 WL 1774516, at *2. Indeed, because Plaintiffs have ignored the administrative remedies available to them, they lack any basis to argue that the IRS would not have responded to, or taken delivery of, their claim. *Id.* Persuasive precedent is unanimously in line with this finding, as courts have repeatedly rejected similar futility arguments brought forth by other tax protesters. *See, e.g., id.*; *Scott v. United States*, 416 F. Supp. 2d 116, 118 (D.D.C. 2006); *Glass*, 424 F. Supp. 2d at 229. Accordingly, the Court finds Plaintiffs' attempt to avoid the requirement of administrative exhaustion through a "futility" analysis to be without support.

Exceeding Statutory Authority: This argument suffers from the same fundamental defect as Plaintiffs' argument that administrative remedies are inadequate. Again, Plaintiffs have failed to actually assert that the IRS has exceeded its statutory authority, and have instead only presented the Court with a legal standard.

Yet again, assuming arguendo that Plaintiffs had actually properly pleaded their contentions, this argument fails since the exhaustion requirement contemplated by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1 is a statutory creation. Therefore, since the Court is "not

19

free to rewrite statutory text," the Court equally is not free to excuse the exhaustion requirements mandated by statute. *See Turner*, 420 F. Supp. 2d at 153 (citing *McNeil v. United States*, 508 U.S. 106, 111, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The command than an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and set by certified or registered mail' is unambiguous. We are not free to rewrite statutory text.").

Accordingly, the Court determines that Plaintiffs' inadequacy, futility, and statutory authority arguments are without merit. Instead, the exhaustion requirement set forth in Section 7433(d)(1) and 26 C.F.R. § 301.7433-1 applies to Plaintiffs. Given that Plaintiffs have plainly failed to exhaust their administrative remedies, the Court – pursuant to Federal Rule of Civil Procedure 12(b)(6) – must dismiss Plaintiffs' remaining "damages" request for failure to state a claim.

C.      *The Court is Without Jurisdiction to Entertain Plaintiffs' Declaratory Judgment Request Pursuant to Federal Rule of Civil Procedure 12(b)(1)*

One of the "remed[ies] sought" by Plaintiffs in their Complaint includes a declaratory judgment that Defendant has violated one or more of the demarcated IRC provisions. *See* Am. Compl. ¶ 31. While Defendant has not briefed the Court on this issue nor otherwise responded to Plaintiffs request for declaratory judgment, "[i]t is well established that a federal court cannot act in the absence of jurisdiction, and that jurisdictional issues may be raised by the court *sua sponte*." *Am. Library Ass'n v. Fed. Commc'ns Comm'n*, 492 F.3d 489, 492 (D.C. Cir. 2005) (internal citations omitted).

Specifically, Plaintiffs seek a

[d]etermination that the defendant's principals, officers, agents, and/or employees

of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

*Id.*

Unfortunately for Plaintiffs, the Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986*, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added).  As such, the authority conferred to the Court by Section 2201(a) to provide declaratory relief clearly does not extend to federal taxation cases unless the case arises under 26 U.S.C. § 7428.  Plaintiffs' Amended Complaint plainly does not implicate Section 7428, which permits certain federal courts to entertain challenges to determinations made by the Secretary of the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or 26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a cooperative under 26 U.S.C. § 521(b).  *See* 26 U.S.C. § 7428(a)(1).

Given that Plaintiffs do not fall within one of the exceptions set out in the Declaratory Judgment Act, this Court clearly does not have a jurisdictional basis upon which to hear their declaratory relief claim.  *See Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1431-32 (D.C. Cir. 1995) (noting that 28 U.S.C. § 2201(a) imposes a jurisdictional barrier to suit).

Accordingly, the Court shall *sua sponte* dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Lindsey*, --- F. Supp. 2d ----, 2006 WL 2413720, at *8, *16 (reaching the same conclusion).

## IV:  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendant's [10] Motion to Vacate Entry of Default and GRANT Defendant's [9] Motion to Dismiss.  The instant case is dismissed with prejudice.  An appropriate Order accompanies this Memorandum Opinion.


Date:   November 7, 2006


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge